Belisario Matta, Plaintiff and Appellee, *v.* Porto Rico Railway, Light & Power Company, Defendant and Appellant.

No. 3535. Argued April 14, 1925.—Decided July 22, 1925.

Damages—Fire—Electric Current—Evidence.—A house having been destroyed by fire, the company supplying electric current was sued for the loss and adjudged to pay $3,000 damages. On appeal plaintiff's uncontroverted evidence was examined and it was *held:* That independently of the specific and affirmative acts of negligence that were proved the judgment was supported by the evidence that the excessive current was the cause of the fire, and it was not necessary to invoke the rule of *res ipsa loquitur* in order to reach that conclusion.

District Court of Humacao, Pablo Berga. J. Judgment for the plaintiff in an action for damages. *Affirmed.*

*J. H. Brown* and *Clemente Ruiz Nazario* for the appellant. *Arturo Aponte* for the appellee.

Mr. Justice Aldrey delivered the opinion of the court.

In December of 1919 the appellant, the Porto Rico Railway, Light & Power Co., placed wires and fixtures in a frame house belonging to the plaintiff in the town of Fajardo and supplied electric current for lighting it. Two years thereafter the house was destroyed by a fire that occurred at midnight and this action was brought to cover the damages suffered by the owner of the house by reason of the fire. It was adjudged that the defendant pay him the sum of $3,000 as indemnity and the company took the present appeal.

The theory of the complaint was that the wiring was done by the defendant's employees in such a negligent and careless manner that it constituted a risk, of which the plaintiff was ignorant; that the wires running near the house and belonging to the defendant had absolutely no insulating cover; that when the plaintiff observed the defects in the installation he notified the company to make the necessary repairs, but

instead of remedying the evil the defendant corporation allowed time to go by until finally the electrical installation caused the fire; that the fire and destruction of the house were due solely and exclusively to the negligence and carelessness of the defendant in making the said installation, in knowingly permitting the wires of the installation and those near the house to remain improperly connected and in bad condition and in not correcting the defects in the installation, which could be observed from the street and inspected by the defendant's employee in Fajardo.

The errors assigned by the appellant in praying for a reversal of the judgment are (1) that the court erred in finding that the fire was caused by defects in the installation, inasmuch as there was no evidence that it was caused by the electric current; (2) that it erred in finding that the fire was due to the force of an electric current which burned the wires of the installation, for there was no allegation in the complaint that the fire was due to an excessive current and any evidence in support of that finding was erroneously admitted by the court over the objection and on exception of the defendant; (3) that the judgment appealed from is contrary to the clear weight and preponderance of the evidence.

In considering the first ground of appeal it will be necessary to examine the evidence in order to decide whether or not there was proof that the fire was caused by the electric current, stating beforehand that the intake of the current was from the wires of the company on a pole near the house, the wires running from there to a corner of the balcony and thence into the house, where several bulbs were installed. It was then run out of the back part of the house to a mango tree where another light was placed.

The following evidence of the plaintiff was admitted without objection: Manuel Rosa testified that he lived near the house that was burned; that one or two days before the fire he noticed sparks near the bulb on the mango tree where

the wire came in contact with the leaves and told the owner
of the house about it, and that on the night of the fire the
flames came from under the roof of the house.   The plaintiff
testified that he lived with his family in the house that was
burned; that when the installation was made he observed that
the insulation of some of the wires was broken in some places
as if gnawed by a mouse and asked the employee if they
were safe; that two or three nights before the fire he tried
to light the bulb in his room, but could not, nor could he get
light in the one on the tree which he used at dawn while milk-
ing the cows; that the next morning he went to the defend-
ant's office and reported it and an employee was sent to the
house of the defendant by the name of Andrés, who took
out the plugs because they were burnt out and without putting
in new ones connected the wires directly to give light, promis-
ing to return later and did not; that on that night he noticed
an unusually strong and flickering light in the bulbs and
several of them burned; that on the next day he went again
to the office of the company and reported what had happened,
to which they answered that perhaps the bulbs were of poor
quality, whereupon he bought others which he put in place
and were also burned; that the light on that night was very
strong, very bright, and that his wife awakened him because
of the fire and he immediately saw that the wires were red
and the wood was burning.   Clementina González, the plain-
tiff's wife, testified that while she was in bed on the night
of the fire she heard about midnight a very loud and queer
noise and that, as it continued, she arose and tried to turn
on the light in the room but there was none and she saw
something like lightning under the roof produced by an
electric spark; that she went to the hall and there was no
light there; that then she went to the corridor and saw that
the wires were very red; that she immediately went to call
her husband, but the upper part of the house was already on
fire; that the fire began in the ceiling of the house, and that

·on that night, before the fire, she noticed that the light was very strong, very bright, and the bulbs were burned.

It does not seem that the mere statement that when the ·wires were installed the insulation appeared as if gnawed by mice is sufficient to lead to the conclusion that the installation ·was made negligently and that it was dangerous, considering the fact that for two years nothing had happened to the installation; but if that testimony is believed, it must be concluded that it was proved that the electric current caused the fire, and the facts that the other wires near the intake of the current were red, that the plaintiff failed to produce expert testimony to establish the connection that might ·exist between the fire and the phenomenon that was seen and that the reddening of the wires was due to fire in another part of the house, are not sufficient to change that conclusion, for against all of these allegations would be the facts that the wires were red, that the fire began immediately in the ceiling of the house and that the plugs or the safety box containing fuses to prevent the passing of an excessive current had been taken out and the wires had been connected directly, for which reason it can not be maintained that there was no evidence that the electric current was the cause of the fire. It is not necessary to invoke the rule of *res ipsa loquitur* in order to reach that conclusion, for it need not be deduced that the fire was due to the negligence of the defendant, inasmuch as specific and affirmative acts of negligence were proven.

In view of the foregoing, the judgment being sustained by the said conclusion, it is not necessary to consider the .second ground of appeal, for even if the appellant were right in saying that evidence concerning an excessive current should not have been admitted because that was not alleged in the complaint as the cause of the fire and because that evidence was attempted to be obtained on cross-examination from a witness of the defendant who had not been examined on that

point, yet that conclusion can be deduced from the facts testified to by the plaintiff's witnesses whose testimony we have extracted, inasmuch as if the plugs or transformer were taken out and the wires, which had been connected directly, became red and the fire began in the wood-work near them, we might conclude that that testimony established the fact that an excessive current was the cause of the fire.

In considering the third ground of appeal we must state that the evidence in this case was very contradictory, for the defendant's witnesses denied that some two days before the fire the plaintiff went to the office of the company to report that the bulbs had burned. Andrés Figueroa, who, the plaintiffs claimed, was the employee who took out the plugs, denied that statement and also that he connected the wires directly. He testified that the installation was well made and this was corroborated by the testimony of another witness. By the testimony of the chief of police it was attempted to show that at the time of the fire the plaintiff said to him that the electric current was not the cause of the fire because his installation was well made, and that he thought the fire began in the water-closet, where there was a basket of soiled clothing, but that on the following day in the morning the plaintiff changed his mind and told him that he intended to sue the company because the electric installation had been the cause of the fire, the first part of the last statement having been heard by another witness, an employee of the company who was investigating the cause of the fire; and an electrical engineer of the company testified that the wires never get red and that if any one should tell him that he had seen them red he would say that he was mistaken.

Nothwithstanding this testimony we do not think that on the defendant's evidence the trial court necessarily had to render a different judgment, or to adjust the conflict in the evidence in a different manner.

The judgment appealed from must be affirmed.

MR. JUSTICE WOLF dissented.